UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARVIN DEARING,
Plaintiff,

vs.

FRED DENNEY, et al.,
Defendants.

Case No. 1:16-cv-970

Dlott, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this *pro se* civil rights action under 42 U.S.C. § 1983. (*See* Doc. 1, Complaint). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or

law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

2

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the instant action, plaintiff has named the following SOCF correctional personnel as defendants: Fred Denn[e]y; Walter Sammons; and Larry Green. (*See* Doc. 1, Complaint, pp. 1, 4, at PAGEID#: 10, 13). Plaintiff alleges that on June 6, 2016, he was escorted by a correctional officer to "solitary confinement for attempting a hunger strike." (*Id.*, p. 10, at PAGEID#: 19). Plaintiff further avers:

> I remained in solitary confinement for eleven whole days before I was issued a[n] actual conduct report, or was told anything else. So, on 6-15-16 a conduct report was issued by the security threat group officer and defendant Fred Denny, which stated: that he was in the mail room and intercepted two letters that I sent to two inmates attempting to assemble a hunger strike protest; and voicing my opinion and expression on solitary confinement here at SOCF. On 6-17-16, I appeared before the Rules Infraction Board panel where defendant and hearing board officer Walter Sammons found me guilty of a Rule 16 violation/participating in a work stoppage. . . . I was sentenced to 15 additional days in solitary confin[e]ment which I served a total of 30 days.
>
> An[] appeal of the disposition was sent to Larry Green for review. Mr. Green affirmed my appeal. Finally, rather than the defendants attempting to resolve the excessive solitary confinement which would minimize the use of Peaceful Protest, the defendants used retaliatory measures by placing me in solitary confinement for discussing my concerns of excessive solitary confinement.

(*Id.*, pp. 10-12, at PAGEID#: 19-21). Plaintiff has attached to the complaint a copy of the

conduct report filed on June 9, 2016 by defendant Denney and served on plaintiff on June 14, 2016, as well as a copy of the Rules Infraction Board (RIB) disposition signed by defendant Sammons, the RIB Chairperson, on June 17, 2016. (*Id.*, Exs. A-B, at PAGEID#: 22-24).

In the complaint, plaintiff claims that defendant Denny violated his First Amendment right "to assemble a Peaceful Protest (Hunger Strike)" and retaliated against him for exercising his First Amendment right by issuing the conduct report and placing plaintiff "in solitary confinement for attempting to participate in a hunger strike." (*See id.*, pp. 7, 13, at PAGEID#: 16, 22). Plaintiff alleges that defendant Sammons violated RIB procedures and his due process rights by finding him guilty of the charged violation, finding his "attempt to participate in a Peaceful Hunger Strike Protest was a security threat group activity," and sentencing him to 30 days in solitary confinement. (*Id.*, pp. 8-9, at PAGEID#: 17-18). Finally, plaintiff claims that defendant Green violated his right to due process by "fail[ing] to investigate" and by failing to "reverse [the] finding of guilt" on the violation charge. (*Id.*, p. 9, at PAGEID#: 18).

As relief, plaintiff requests the issuance of an injunction requiring the "SOCF prison administration to cease retaliating against inmates who voice their opinions on prison polic[ie]s" and "to honor all peaceful protest with respect to hunger strike polic[ie]s." (*Id.*, p. 16, at PAGEID#: 25). Plaintiff also requests $500,000 in "punitive damages" for injuries he has suffered as a result of his placement in solitary confinement, as well as the removal of the conduct report from his prison record due to the "negative impact" it has on his security level and parole review. (*Id.*, pp. 16-17, at PAGEID#: 25-26).

At this early stage of the proceedings, without the benefit of briefing by the parties, the undersigned concludes that plaintiff may proceed with claims against the defendants to the

4

extent he alleges they participated in the June 2016 disciplinary sanction, which he claims was imposed in violation of, or in retaliation for his exercising, his First Amendment right to participate in a "peaceful" hunger-strike protest at SOCF.[1] *See* 28 U.S.C. § 1915(e)(2)(B) & 1915A(b).

However, to the extent that plaintiff seeks to bring a claim challenging the disciplinary sanction as "cruel and unusual punishment" under the Eighth Amendment, plaintiff's allegations fail to state a claim of constitutional dimension. *See, e.g., Harden-Bey v. Rutter,* 524 F.3d 789, 795 (6th Cir. 2008) (quoting *Murray v. Unknown Evert,* 84 F. App'x 553, 556 (6th Cir. 2003)) ("Because placement in segregation is a routine discomfort that is part of the penalty that criminal offenders pay for the offenses against society, it is insufficient to support an Eighth Amendment Claim."). *See generally Spadafore v. Gardner,* 330 F.3d 849, 852 (6th Cir. 2003) (in order to state a viable claim under § 1983, the plaintiff must allege a deprivation of "a right secured by the United States Constitution or a federal statute").

Furthermore, to the extent that plaintiff has asserted that his right to due process was violated, he fails to state a viable claim under the Fourteenth Amendment because the challenged disciplinary action did not amount to a deprivation of a constitutionally protected liberty interest. In *Sandin v. Conner,* 515 U.S. 472 (1995), the Supreme Court held that the Fourteenth Amendment confers on prisoners only a "limited" liberty interest "to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary

---

[1] It is noted, however, that plaintiff is barred from bringing a suit for damages against the defendants in their official capacity. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 690 n.55 (1978)) (holding that "neither a State nor its officials acting in their official capacities are 'persons'" who may be held liable for constitutional violations in a § 1983 action); *see also Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998) (and cases cited therein) ("It is well-established that a plaintiff cannot sue a state agency or any of its employees in their official capacities for monetary damages.").

incidents of prison life," or which "will inevitably affect the duration of his sentence." *Sandin*, 515 U.S. at 484, 487; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Williams v. Wilkinson,* 51 F. App'x 553, 556 (6th Cir. 2002). The Sixth Circuit has held that confinement in segregation generally does not rise to the level of an "atypical and significant" hardship implicating a liberty interest except in "extreme circumstances, such as when the prisoner's complaint alleged that he is subject to an *indefinite* administrative segregation" or that such confinement was excessively long in duration. *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (citing *Harden-Bey v. Rutter*, 524 F.3d at 795) (emphasis in original); *see also Harris v. Caruso,* 465 F. App'x 481, 484 (6th Cir. 2012) (holding that the prisoner's 8-year confinement in segregation was of "atypical duration" and thus "created a liberty interest that triggered his right to due process"). *Cf. Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (ruling that an inmate's transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship" given the combination of extreme isolation of inmates, prohibition of almost all human contact, indefinite duration of assignment, and disqualification for parole consideration of otherwise eligible inmates).

Here, plaintiff has not alleged that the challenged disciplinary sanction resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life. Moreover, the 30-day period of solitary confinement did not amount to an atypical and significant hardship. *Cf. Jones*, 155 F.3d at 812 (holding that an inmate's administrative segregation for two and a half years while his participation in a prison riot was being investigated did not amount to an atypical and significant hardship); *Mackey v. Dyke*, 111 F.3d 460, 461, 463 (6th Cir. 1997) (117-day delay in releasing the plaintiff from administrative

segregation to the general prison population did not impose an atypical or significant hardship on the plaintiff and thus did not trigger due process concerns); *Bradley v. Evans*, No. 98-5861, 2000 WL 1277229, at *7 (6th Cir. Aug. 23, 2000) (and numerous cases cited therein in support of holding that placement for 14 months in administrative segregation did not impose an atypical or significant hardship on the prisoner); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (6th Cir. Aug. 11, 1999) (30 days in Security Control, 14 days in Disciplinary Control and six to eight months in Administrative Control did not constitute an "atypical hardship" under *Sandin*). Accordingly, because plaintiff does not have a protected liberty interest under the circumstances alleged herein, his complaint against the defendants for any role they may have played in the disciplinary proceedings does not state a claim under the Fourteenth Amendment's Due Process Clause.

Finally, plaintiff has not stated a claim against defendant Green to the extent he has suggested that Green may be held liable solely in his supervisory capacity. It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo v. Tennessee Dep't of Corr.,* 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must

7

show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers"). Although plaintiff has been allowed to proceed with a First Amendment claim against defendant Green, any other allegations against Green are merely based on his supervisory role and are thus insufficient to give rise to an actionable § 1983 claim.

Accordingly, in sum, plaintiff may proceed with claims against the defendants to the extent he alleges they participated in the June 2016 disciplinary sanction, which he claims was imposed in violation of, or in retaliation for his exercising, his First Amendment right to participate in a "peaceful" hunger-strike protest at SOCF. *See* 28 U.S.C. § 1915(e)(2)(B) & 1915A(b). However, it is **RECOMMENDED** that any other claims be dismissed because plaintiff's allegations fail to state a claim upon which relief may be granted by this Court.

### IT IS THEREFORE RECOMMENDED THAT:

Except for plaintiff's claim under 42 U.S.C. § 1983 against the defendants for their participation in a disciplinary sanction allegedly imposed in violation of, or in retaliation for plaintiff's exercise of, his First Amendment rights, the complaint should be dismissed for failure to state a claim upon which relief may be granted by this Court.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff may proceed with his cause of action under 42 U.S.C. § 1983 against the defendants for their participation in a disciplinary sanction allegedly imposed in violation of, or in retaliation for plaintiff's exercise of, his First Amendment right to participate in a "peaceful" hunger-strike protest at SOCF. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued this date granting the plaintiff *in forma pauperis* status, and

8

this Order and Report and Recommendation upon defendants as directed by plaintiff, with costs of service to be advanced by the United States.

2. Plaintiff shall serve upon the defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 10/20/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARVIN DEARING,
    Plaintiff,

vs.

FRED DENNEY, et al.,
    Defendants.

Case No. 1:16-cv-970

Dlott, J.
Litkovitz, M.J.

NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc