# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MARVIN DEARING,
    Plaintiff,

vs.

FRED DENNY, et. al.,
    Defendants.

Case No. 1:16-cv-970

Dlott, J.
Litkovitz, M.J.

**ORDER**

Plaintiff Marvin Dearing, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, initiated this prisoner civil rights action by filing a *pro se* complaint together with an *in forma pauperis* application. (*See* Doc. 1). On October 20, 2016, the undersigned granted plaintiff pauper status and ordered the collection of the full filing fee in accordance with section 804(a)(3) of the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(b). (Doc. 2). Plaintiff was also permitted to proceed with his claim under 42 U.S.C. § 1983 against the defendant SOCF correctional employees "for their participation in a disciplinary sanction[] allegedly imposed in violation of, or in retaliation for plaintiff's exercise of, his First Amendment rights." (*See* Doc. 10, at PAGEID#: 108; *see also* Doc. 5, at PAGEID#: 82). This matter is now before the Court on the defendants' motion filed December 6, 2016, requesting that the October 20, 2016 order granting plaintiff's *in forma pauperis* application be vacated and plaintiff ordered to immediately pay the $400 filing fee on the ground that he is a three-striker within the meaning of 28 U.S.C. § 1915(g). (Doc. 11). Plaintiff has filed a brief opposing the defendants' motion, and defendants have filed a brief in reply to plaintiff's opposition

memorandum. (Docs. 14-15).

A prisoner's right to proceed *in forma pauperis* has been restricted by Congress. In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The parties agree that plaintiff has had two cases dismissed at the screening stage for failure to state a claim, which count as "strikes" under § 1915(g). (*See* Docs. 11, 14); *see also Marvin Dearing v. Gerald McFaul, et al.*, Case No. 1:01-cv-2676 (N.D. Ohio Feb. 21, 2002) (Docs. 9-10); *Marvin Dearing v. David Bobby, et al.*, Case No. 4:13-cv-1500 (N.D. Ohio September 30, 2013) (Docs. 4-5). The parties, however, disagree as to whether a third strike occurred in the plaintiff's appeal to the Sixth Circuit from the District Court's dismissal order in Case No. 4:13-cv-1500. (*See* Docs. 11, 13, 15). In that third case, the Sixth Circuit issued an order on June 10, 2014 affirming the District Court's judgment after a *de novo* review based on the determination that the "[t]he district court properly dismissed the complaint." (Doc. 11, Affidavit of J. Gregory Glasgow, ¶ 5(C), at PAGEID#: 116); *see also Marvin Dearing v. David Bobby, et al.*, No. 13-4333 (6th Cir. June 10, 2014) (Doc. 18).

Circuit courts "presented with the question whether an affirmance can count as a strike have held that a court should not impose a § 1915(g) strike for an appeal when the original appellate court declined to implicate § 1915(g) reasons." *Taylor v. First Med. Mgmt.*, 508 F.

2

App'x 488, 494 (6th Cir. 2012) (citing cases from the D.C., Third, First, Tenth, and Fifth Circuits). As courts have pointed out, "only a dismissal of an appeal as frivolous, malicious or for failure to state a claim upon which relief may be granted—not the affirmance of the trial court's dismissal on any of these bases—properly counts as a 'strike'" under the three-strikes provision set forth in § 1915(g). *Whiteside v. Collins*, No. 2:08cv875, 2011 WL 6934500, at *2 (S.D. Ohio Aug. 23, 2011) (Report & Recommendation) (citing *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 436 (D.C. Cir. 2007));[1] *see also Hill v. Ohio Dep't of Rehab. & Corr.*, No. 1:15cv762, 2016 WL 1166335, at *1 (S.D. Ohio Jan. 29, 2016) (Litkovitz, M.J.) (Report & Recommendation) (and cases cited therein), *adopted*, 2016 WL 1162357 (S.D. Ohio Mar. 23, 2016) (Beckwith, J.).

The undersigned has reviewed the Sixth Circuit's decision in Case No. 13-4333. Contrary to the defendants' contention, the Sixth Circuit merely affirmed the district court's decision after reviewing the bases for that decision and did not dismiss the appeal as frivolous, malicious or for failure to state claim. *Cf. Byrd v. Shannon*, 715 F.3d 117, 126-27 (3rd Cir. 2013) (rejecting the argument that the dismissal of an appeal on the ground that it was "without merit" constituted a strike in the absence of the explicit use of the terms "frivolous," "malicious," or "fails to state a claim" for the dismissal); *see also Thompson*, 492 F.3d at 436-37 (holding that because three appeals lost by the plaintiff were affirmances as opposed to dismissals on the ground that the appeals were frivolous, malicious or failed to state a claim, they did not count as

---

[1] It is noted that although the magistrate judge did not count the appellate court's affirmance of a district court's dismissal order as a strike in that Report and Recommendation, she recommended that the defendants' motion to revoke the plaintiff's pauper status be granted based on other "strikes" allegedly involving the plaintiff. *See Whiteside v. Collins, supra*, 2011 WL 6934500, at *2-3. The District Court overruled the Report and Recommendation and denied the defendants' motion to revoke the plaintiff's pauper status after finding that the plaintiff was not a party in one of the cases relied on by the magistrate judge as a strike. *See Whiteside v. Collins, supra*, 2011 WL 6934495 (S.D. Ohio Dec. 30, 2011).

3

"strikes" under § 1915(g)); *Soto v. Birkett*, No. 07-CV-11929-DT, 2007 WL 3121606, at *2 (E.D. Mich. Oct. 23, 2007) (and numerous cases cited therein) (concluding in agreement with the Fifth, Seventh, Tenth and D.C. Circuits that only appeals "actually dismissed for being frivolous, malicious, or for failing to state a claim upon which relief may be granted" count as a strike under § 1915(g) and, therefore, "a prior affirmance does not count as a strike").

Furthermore, the undersigned is not persuaded by the defendants' argument that the Supreme Court's decision in *Coleman v. Tollefson*, _ U.S. _, 135 S.Ct. 1759 (2015), supports their position. In *Coleman*, the Supreme Court held that the District Court's dismissal of a complaint as frivolous, malicious or for failure to state a claim counted as a "strike" under § 1915(g) even if the dismissal is the subject of a pending appeal. *Id.* at 1763. In so ruling, the Court emphasized that § 1915(g) by its terms refers only to prior dismissal occasions not "dismissal-plus-appellate-review." *Id.* at 1763. The Court did not address the specific issue involved in this case–*i.e.*, whether an affirmance of a lower court's dismissal order, as opposed to the dismissal of an appeal based on § 1915(g)'s enumerated grounds, can qualify as a strike under that statutory provision. *Coleman* is not applicable to the case-at-hand.

For these reasons, the defendants' motion to vacate the October 20, 2016 order granting plaintiff's *in forma pauperis* application (Doc. 11) is **DENIED**.

**IT IS SO ORDERED.**

Date: 1/6/2017

Karen L. Litkovitz
United States Magistrate Judge

4